UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEWIS BROTHERS BAKERIES, INC.,

        Plaintiff,

      v.

RICHARD W. BITTLE and PAMELA K.
BITTLE,

        Defendants.

Case No. 06-cv-4047-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge**

This matter is before the Court on defendants' motion to dismiss (Doc. 13) and defendants' amended motion to dismiss and supporting brief (Doc. 25), to which plaintiff has responded (Docs. 19, 31).  For the reasons set forth below, defendants' motions to dismiss will be **DENIED**.

## BACKGROUND

Lewis Brothers Bakeries, Inc. (Lewis Bros) brought this action against Richard and Pamela Bittle to collect on a promissory note.  The Illinois Hotel Group (IHG) issued the note at issue in this case on July 19, 1988, to the Old National Bank (ONB) in the amount of $2,056,000.00 (the Note).  That day, the Bittles[1] issued an unconditional guaranty (the Guaranty), guaranteeing payment of the Note.  On August 5, 2002, IHG, ONB, Lewis Bros and others entered into a debt recasting agreement with Hospitality Joint Venture (HJV), under which HJV assumed IHG's indebtedness and agreed to pay the amounts left owing on the Note to ONB.  On September 20, 2004, ONB assigned its rights in the Note to Lewis Bros.

---

[1] Mr. Bittle signed the Note on behalf of IHG as its president.

HJV is now in default under the Note and, pursuant to its terms, Lewis Bros (as assignee of ONB) seeks immediate payment from the Bittles of the remaining amount due, $864,429.28, plus interest.  The Bittles assert four grounds supporting their requested dismissal: they claim Lewis Bros failed to join all necessary parties to this action, that Lewis Bros attached an altered document to its complaint, that Lewis Bros and others have violated the Equal Credit Opportunity Act (ECOA), and that enforcing the Guaranty against Mrs. Bittle would be unconstitutional.

<u>ANALYSIS</u>

After reviewing their briefs, the Court believes defendants have moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

**I.      Failure to Join Necessary Parties**

The Court construes the Bittles' first argument as one under Federal Rule of Civil Procedure 12(b)(7), which recognizes as a ground for dismissal the failure to join parties in accordance with Federal Rule of Civil Procedure 19.  The Bittles made this claim in their first motion to dismiss, which was one page long and unaccompanied by a supporting brief.  The Court granted the Bittles' motion for leave to file a brief in support of their motion (Doc. 20) and they filed an amended motion (incorporating their first motion) accompanied by the supporting brief on September 12, 2006.  In their brief, the Bittles focus on the legality of the unconditional guaranty and do not discuss the instant claim.

The party urging dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) bears the burden of showing that an absent party should be joined under Rule 19.  *West Peninsular Title Co. v. Palm Beach County*, 41 F.3d 1490, 1492 (11th Cir. 1995); *see generally* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 1235 (3d ed. 1997).  As the Bittles are

2

proceeding pro se in this action, the Court must construe their pleadings liberally. *See McCready v. EBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006).  Their pro se status does not, however, relieve them of their burden of showing that they are entitled to the relief they request.  *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure").  As they have failed to make any arguments whatsoever on this claim and have failed to even name the party or parties they believe to be indispensable they have failed to meet their burden.

## II.    The Alteration of the Guaranty

The remaining grounds for relief appear to fall within the ambit of Federal Rule of Civil Procedure 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiffs. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000).  The Court should not grant a motion to dismiss unless it appears beyond doubt that plaintiffs cannot prove their claims under any set of facts consistent with the complaint.  *McDonald v. Household Intern., Inc.*, 425 F.3d 424, 428 (7th Cir. 2005).

Defendants claim that an alteration visible on the face of the Guaranty makes it unenforceable.  Like their first argument, defendants failed to develop this argument in any meaningful way in their memorandum of law.  The only indication as to the basis of this claim is in defendants' citation to Rule 9(b).  Presumably, defendants have attempted to invoke Federal Rule of Civil Procedure 9(b) for the proposition that this case must be dismissed because the alteration was fraudulent.  Rule 9(b) provides for no such relief; it simply requires litigants to plead the circumstances constituting fraud with particularity.  Again, defendants have failed to articulate any basis for why this alteration entitles them to the relief they request.

3

Upon review, the alteration in the Guaranty appears to have corrected a scrivener's error. But even if the alteration were material, that, in itself, does not necessarily entitle the Bittles to the relief they request. *See Wisniewski v. Shimashus*, 176 N.E.2d 781, 787 (Ill. 1961) ("While in many instances a material alteration made in an instrument after delivery will render such instrument as altered totally void . . . there may be facts connected with some alterations which will justify giving them effect."). Without more information, the Court will not grant defendants' motion on this basis.

## III.    Defendants' Claims under the ECOA

The Bittles suggest that the Guaranty is illegal because ONB required Mrs. Bittle to sign it in violation of the ECOA.

The ECOA contains an anti-discrimination provision, which, among other things, makes it unlawful for any creditor to discriminate against an applicant for credit on the basis of "marital status." 15 U.S.C. § 1691(a)(1). Under Regulation B of the ECOA, "a creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." 12 C.F.R. § 202.7(d)(1). This general rule is subject to exceptions. As potentially relevant here, when

> an applicant requests unsecured credit and relies in part upon property that the applicant owns jointly with another person to satisfy the creditor's standards of creditworthiness, the creditor may require the signature of the other person only on the instrument(s) necessary, or reasonably believed by the creditor to be necessary, under the law of the state in which the property is located, to enable the creditor to reach the property being relied upon in the event of the death or default of the applicant.

12 C.F.R. § 202.7(d)(2). As noted by the Seventh Circuit, Regulation B does not prevent spouses "from signing as guarantors generally, but is instead meant to prohibit a spouse's being

4

required to sign *because he or she is  a spouse*." *United States v. Meadors*, 753 F.2d 590, 593 (7th Cir. 1985), *called into doubt on other grounds by United States v. Kelley*, 890 F.2d 220, 223 (11th Cir. 1989).

Dismissal of this case for alleged ECOA violations would be problematic for several reasons.  First, it is not clear whether Mr. Bittle's credit alone would have been sufficient under ONB's standards of creditworthiness.  *See* 12 C.F.R. § 202.7(d)(1).  The Bittles claim that it was, but their unsupported assertion is not sufficient by itself to justify dismissal. Lewis Bros says it is prepared to offer evidence to show that Mr. Bittle was not sufficiently creditworthy and that he held a substantial portion of his assets jointly with this wife.  Thus, Mr. Bittle's creditworthiness is a disputed issue of fact, the resolution of which is properly left to the summary judgment stage or trial.   It is certainly possible, based on the information before the Court, that ONB required Mrs. Bittle's signature for a proper purpose.

The Bittles have also failed to establish, assuming ONB engaged in prohibited discrimination, that such discrimination would necessitate the dismissal of this case at this point. There is a split of authority as to the issue of the propriety of raising an ECOA claim as an affirmative defense in an action to collect on a debt.  *See FDIC v. 32 Edwardsville, Inc.*, 873 F.Supp. 1474 F.Supp. 1474, 1480 (D.Kan. 1995) (finding that ECOA claims cannot be raised as affirmative defenses); *Hammons v. Ehney*, 924 S.W.2d 843, 852 (Mo. 1996); *see also Provident Bank v. Wright*, Case No. 00-C-6027, 2001 WL 777054 at *2 (N.D. Ill July 11, 2001) (suggesting that the proper method to assert a violation of the ECOA is through a counterclaim). *But see Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F.3d 28, 32 (3d Cir. 1995); *Integra Bank/Pittsburgh v. Freeman*, 839 F.Supp. 326, 329-30 (E.D. Pa. 1993); *Eure v. Jefferson Nat. Bank*, 448 S.E.2d 417, 421 (Va. 1994).  The courts that have allowed such discrimination to

be used as a defense have held that the prohibited discrimination does not void the underlying indebtedness "nor any other guaranties."  *Silverman*, 51 F.3d at 33; *see also Integra*, 839 F.Supp. at 329 ("[A]n offending creditor should not be permitted to look for payment to parties who, but for the ECOA violation, would not have incurred personal liability on the underlying debt in the first instance.").   These authorities suggest that even if ONB impermissibly procured Mrs. Bittle's signature, the Guaranty as to Mr. Bittle would still be enforceable.  *Integra*, 839 F.Supp. at 331.

Finally, even if the Court were inclined to allow the alleged ECOA violation to be asserted as an affirmative defense, its resolution on a motion to dismiss would be inappropriate. *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)); *Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002); *Walker v. Thompson*,  288 F.3d 1005, 1009 (7th Cir. 2002).

## IV.    Constitutional Violations

In their original motion, defendants claim that Lewis Bros "would seek to deny [Mrs. Bittle] of rights guaranteed to her by the Constitution of the United States."  (Doc. 13 at 1). They failed to develop this argument in their amended motion and brief in support thereof.  The Court will not dismiss this action on constitutional grounds without argument.

**CONCLUSION**

Defendants' motions to dismiss (Docs. 13, 25) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 15, 2006**

   s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**